### GLADNEY'S, Inc., v. LOUISIANA MAGAZINE et al.

### No. 1371.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1934.

For original opinion, see 156 So. 659.

Fred. G. Benton, of Baton Rouge, for appellant.

C. C. Bird, Jr., of Baton Rouge, for appellees.

LE BLANC, Judge.

■ In their application for rehearing, counsel for plaintiff complain that the court, in the opinion herein handed down, neglected to discuss the point raised by them in brief and in argument that the transaction involving the giving and depositing of the check for $1,000 by Howcott to O'Neil resulted in an agreement between them which created a partnership in commendam.

Under the view which we adopted and which we discussed at some length with regard to that check and the deposit of the proceeds, we are unable to conceive how the transaction could have become such an agreement as is contended for by counsel. According to our understanding of it, the transaction was nothing more than a loan of money and the opinion so refers to it in two instances.

By the very definition of the term "partnership in commendam" under article 2839 of the Revised Civil Code, there must be a contract which specifically provides that a party agrees to furnish another a certain amount of money to be used by him in the enterprise, "on condition of receiving a share in the profits, in the proportion determined by the contract, and of being liable to losses and expenses to the amount furnished and no more."

Certainly there is nothing in the testimony relating to the transaction involving the sum of money in question in this case, from which such an agreement might be construed and we thought it therefore unnecessary to discuss the matter from the point of view that was presented by counsel. We have again examined the record very carefully and remain of the same opinion.

■ With regard to remanding the case, all that we can now say is that we took counsel at their word when they stated in their brief that they felt that the evidence submitted was sufficient to show the personal interest of Harley A. W. Howcott in the enterprise and his individual assumption of the debt sued, and that it was unnecessary to order a remand. Even now, counsel have made no showing that there is any testimony further available and we therefore decline to remand the case at this time.

All other questions we consider fully considered and disposed of on the original hearing and in the opinion handed down. We

find no reason to change our views in regard to any, and therefore refuse a rehearing as prayed for.

Rehearing refused.